**Curtis EBRON, Plaintiff–Appellant,**

v.

**Howard CLEGG, I/O, Supv., Beth Felcher, I/O, counselor, R. Meulemans, I/O, CO, Lt., Defendants–Appellees.**

No. 05–4504–pr.

United States Court of Appeals, Second Circuit.

Sept. 13, 2006.

Curtis Ebron, pro se, Uncasville, CT, for Appellant.

Michael J. Lanoue, Assistant Attorney General, Connecticut Attorney General's Office, Hartford, CT, for Appellees.

PRESENT: JOSEPH M. McLAUGHLIN, JOSÉ A. CABRANES, ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Curtis Ebron appeals *pro se* from a ruling and order of the District Court for the District of Connecticut (Alvin W. Thompson, *Judge* ) granting defendants' motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Ebron v. Clegg*, No. 3:03–CV–1731 (D.Conn. July 29, 2005). Plaintiff initially filed the instant action pursuant to 42 U.S.C. § 1983 alleging "an on-going pattern of racism, discrimination, retaliation[,] harrassment *[sic]* and hate crimes" by personnel at the Brooklyn Correctional Institute in Brooklyn, Connecticut.

Plaintiff's specific allegations in District Court were that (1) Defendant Felcher used racially derogatory language when speaking to plaintiff; issued plaintiff a disciplinary report; and confiscated plaintiff's mail to the Connecticut Claims Commissioner; (2) Defendant Meulemans stated at a disciplinary hearing that he would not take the word of an inmate over that of correctional facility staff; (3) Defendant Clegg received a grievance filed by plaintiff in which plaintiff alleged discrimination by defendant Felcher. The District Court liberally construed plaintiff's claims as alleging racial discrimination, denial of access to the courts, and cruel and unusual punishment in violation of the Eighth Amendment.

Upon a review of the record, and substantially for the reasons set forth in Judge Thompson's careful and comprehensive ruling and order, we conclude that the District Court did not err in dismissing plaintiff's claims.

Accordingly, we **AFFIRM** the judgment of the District Court.